## In re NEWTON.

(District Court, D. Connecticut. March 24, 1903.)

### No. 693.

1. BANKRUPTCY—DEATH OF BANKRUPT—ALLOWANCE TO WIDOW—COURT—JURISDICTION.

Under Bankr. Act, § 8 (30 Stat. c. 541 [U. S. Comp. St. 1901, p. 3425]), providing that the death of the bankrupt shall not abate the proceedings, but that the same shall continue as though he had not died, and that the widow and children shall be entitled to all the rights of dower and allowance fixed by the laws of the state of the bankrupt's residence, and Gen. St. Conn. 1902, § 359, authorizing the state courts of probate to allow from the estate of a deceased person in process of settlement before such court such amount as it may judge necessary for the support of the widow or family during the settlement of the estate, the federal district court, sitting as a court of bankruptcy in Connecticut on the death of the bankrupt during the pendency of proceedings is authorized to make a reasonable allowance from such estate for the bankrupt's widow.

In Bankruptcy.

Hadlai A. Hull and S. S. Thresher, for trustee.
J. J. Desmond, for widow.

PLATT, District Judge. Section 6 of the bankrupt act (30 Stat. c. 541 [U. S. Comp. St. 1901, p. 3424]) takes care of the bankrupt in certain respects while he lives. Section 8 [page 3425] continues the machinery of the court after his death or insanity, but proceeds with caution to offer to the widow and children of the bankrupt, who shall die or become insane after proceedings have been insti-

tuted, the fostering care of the federal tribunal just as far as the local tribunal had been authorized to go by its creator, the local legislature, and no farther. If the proceedings were abated by the death or insanity of the bankrupt, it is clear that the probate court would have had ample authority to make the allowance. But the Congress says that they shall not abate, and in the same breath says that "the widow and children shall be entitled to all rights of dower and allowance fixed by the law of the state." The principal Connecticut statutes relating to allowance to widow and family are section 359, Revision of 1902: "The court of probate may allow out of any estate of a deceased person, in settlement before said court, such amount as it may judge necessary for the support of the widow or family of the deceased during the settlement of the estate;" and section 391, applying to marriages since April 20, 1877. Other sections, to wit, 360 and 362, evidence the care with which the local legislature has undertaken to provide for the families of decedents. It is clear that both courts cannot have the right to fix the allowance. It is confessedly within the power of the Congress to legislate exclusively in such a matter, and it has done so in the bankrupt act. When this court obeys that law, the power of the probate court over the same subject no longer exists. It is equally clear that the right to this allowance in the state tribunal is fixed by the state law, and that by the bankrupt act that right has been lodged in the district court. It is true that the judge in the state forum must settle the amount of the allowance; but whatever discretion may be lodged in him is, as the cases say, a legal discretion, and if, upon appeal, the facts disclose a situation which demands an allowance, the appellate court will order it, even if the judge of the inferior tribunal shall have refused. Every action of the federal court in bankrupt proceedings as well as in the execution of its other various functions is governed by the broadest principles of equity. It was never intended that it should start into operation a heartless, self-regulated mechanism, which will grind with equal fineness all grist which reaches its hoppers, for the express purpose of distributing to the creditor the last ounce of cash dividend. It cannot afford to be stigmatized as too rapacious to permit a moment's attention to the crying needs of suffering flesh and blood. The infinitesimal reduction to the creditor by way of dividend in the few cases which are likely to arise is unimportant.

To differ with the referee in the view which he has taken would be equivalent to saying that the Congress has been less humane in its treatment of the widow and the orphan than the Legislatures of the several states. Such a position seems inconceivable. No good reason can be discovered for changing the figures, to which the exercise of the referee's discretion has brought him. His order fixing the allowance to the widow during the settlement of the estate at $250 is approved.